IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MATTHEW IVESTER,<br><br>   Plaintiff,<br><br> v.<br><br>BROOKS BENTON, et al.,<br><br>   Defendants. | CIVIL ACTION NO.: 4:21-cv-238 |

**REPORT AND RECOMMENDATION**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

 (1) Plaintiff's § 1983 claims against the Georgia Department of Corrections; and

 (2) Plaintiff's ADA claim against Defendants Ward, Benton, and Jones.

However, I **FIND** some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order:

 (1) Plaintiff's Eighth Amendment claims against Defendants Ward, Benton, and Jones for deliberate indifference to a medical need;

 (2) Plaintiff's Eighth Amendment claims against Defendants Ward, Benton, and Jones related to the conditions of Plaintiff's confinement;

 (3) Plaintiff's ADA claim against Defendant Georgia Department of Corrections; and

 (4) Plaintiff's Eighth Amendment claims against Defendant Lt. Name Unknown.

## PLAINTIFF'S CLAIMS[1]

Plaintiff is a prisoner currently being housed at Coastal State Prison in Garden City, Georgia. Doc. 1 at 3. Plaintiff suffers from congestive heart failure and requires the constant use of a breathing machine. Id. at 5. At the time of filing this Complaint, he had been housed for two months in an isolation dorm which did not have the capabilities to support his breathing machine. Id. His breathing machine is powered by an extension cord which runs in front of the shower room, which causes the breaker to trip and turn off his breathing machine for hours. Id. Due to his isolation, he cannot access grievance forms or other forms required to access the courts. Id. at 6. Plaintiff also complains of three specific occasions where either the breathing machine was shut off for hours or Plaintiff experienced long delays in receiving necessary medical care. Id. at 7–8. Plaintiff seeks both injunctive relief and money damages. Id. at 9.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

(1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

I. **Plaintiff's § 1983 Claims Against Georgia Department of Corrections**

Plaintiff names the Georgia Department of Corrections in his Complaint, though he does not say what legal wrongs the office committed against him. Doc. 1 at 1. To state a claim for relief under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act or omission in dispute. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). While local governments qualify as "persons" under § 1983, state agencies are generally not considered legal entities subject to suit. See Nichols v. Ala. State Bar, 815 F.3d 726, 731(11th Cir. 2016) (noting the Eleventh Amendment bars § 1983 suits against state agencies) (citing Papasan v. Allain, 478 U.S. 265, 276 (1986)); Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989) (concluding the Eleventh Amendment barred §1983 actions against the Georgia Department of Corrections) (citing Alabama v. Pugh, 438 U.S. 781, 781 (1978)).

Because the Georgia Department of Corrections is a state agency, it is not a "person" subject to suit under § 1983. Hale, 50 F.3d at 1582. For this reason, I **RECOMMEND** the

3

Court **DISMISS** all §1983 claims against the Georgia Department of Corrections. However, any ADA claims against the Georgia Department of Corrections may proceed. See <u>Edison v. Douberly</u>, 604 F.3d 1307, 1308 (11th Cir. 2010) ("Only public entities are liable for violation of Title II of the ADA."); <u>see also</u> 42 U.S.C. §12131(1)(B) (defining a public entity as "any department, agency, special purpose district, or other instrumentality of a State or States or local government").

II.     **Plaintiff's ADA Claims Against Defendants Ward, Benton, and Jones**

"Under Title II of the ADA, public entities are prohibited from discriminating against individuals with disabilities or denying them services because of their disabilities." <u>Owens v. Sec'y, Fla. Dep't of Corr.</u>, 602 F. App'x 475, 477 (11th Cir. 2015) (citing 42 U.S.C. § 12132). Only public entities are liable for Title II violations—individuals and private entities are not. See <u>Edison</u>, 604 F.3d at 1308. Due to this, Plaintiff cannot support ADA claims against Defendants Ward, Benton, and Jones, as they are not subject to liability under Title II. See <u>Mason v. Stallings</u>, 82 F.3d 1007, 1009 (11th Cir. 1996) ("[T]he Disabilities Act does not provide for individual liability, only for employer liability."). Therefore, I **RECOMMEND** the Court **DISMISS** the ADA claim against Defendants Ward, Benton, and Jones.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

(1)     Plaintiff's § 1983 claims against the Georgia Department of Corrections; and

(2)     Plaintiff's ADA claim against Defendants Ward, Benton, and Jones.

However, I **FIND** some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order:

(1) Plaintiff's Eighth Amendment claims against Defendants Ward, Benton, and Jones for deliberate indifference to a medical need;

(2) Plaintiff's Eighth Amendment claims against Defendants Ward, Benton, and Jones related to Plaintiff's conditions of confinement;

(3) Plaintiff's ADA claim against Defendant Georgia Department of Corrections; and

(4) Plaintiff's Eighth Amendment claims against Defendant Lt. Name Unknown.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 18th day of January, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA